UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS, INC., | |
| Plaintiff, | No. C 22-03536 WHA |
| v. | |
| UNITED HEALTHCARE INSURANCE COMPANY, | **ORDER GRANTING MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION

In yet another putative class action brought by this plaintiff healthcare provider against yet another defendant insurer that allegedly failed to pay for COVID-19 testing services, defendant insurer moves to dismiss under Rule 12(b)(6). To the extent stated herein, the motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiff Saloojas, Inc. is a healthcare provider that has offered COVID-19 testing services. Defendant United Healthcare Insurance Company is an insurer that offers individual and employer-sponsored health benefit plans. Saloojas alleges that it has performed COVID-19 tests on patients who were participants in United Healthcare's health benefit plans as an out-of-network provider (without a contract with United Healthcare). It further alleges that United Healthcare at first accepted some of its claims for COVID-19 testing reimbursements but later denied the majority (Compl. ¶¶ 2–3, 6).

1    According to Saloojas, by failing to pay for its provision of COVID-19 testing services,
2    United Healthcare violated a variety of federal and state laws. Saloojas contends that United
3    Healthcare must reimburse it an amount corresponding to the cash price of COVID-19 testing
4    services listed on Saloojas's public website without the imposition of cost sharing, prior
5    authorization, or other medical management requirements. This corresponds to roughly $1,000
6    per test.[1] United Healthcare purportedly failed to pay for Saloojas's COVID-19 testing
7    services for arbitrary reasons, set up unfair administrative procedures, and generally
8    "undermined national efforts made to mitigate the spread of the COVID-19 virus" (Compl.
9    ¶¶ 2–3, 5–7; *see* Opp. Br. 9).

Saloojas brings six claims based on: (1) Section 3202(a)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and Section 6001 of the Families First Coronavirus Response Act ("FFCRA"); (2) Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"); (3) the Racketeer Influenced and Corrupt Organizations ("RICO") Act; (4) promissory estoppel; (5) Section 17200 of the California Business and Professions Code, *i.e.*, California's Unfair Competition Law; and (6) injunctive relief. Saloojas asserts each claim on behalf of itself and a putative nationwide class of "[a]ll persons, businesses and entities who were and are out of network providers of Covid testing services and covered by the CARES and FFRCA [*sic*] ACTS for payment by United Healthcare of their posted prices for rendered Covid Testing services to the Defendant United Healthcare's insured" (Compl. ¶ 24). United Healthcare moves to dismiss all of Saloojas's claims and to strike Saloojas's class action allegations.

At this point, several orders issued by other judges in this district have granted motions to dismiss the same complaint with a different defendant insurer subbed in. *See Saloojas, Inc. v. Aetna Health of Cal., Inc.* ("*Aetna I*"), No. C 22-01696 JSC, 2022 WL 2267786 (N.D. Cal.

---

[1] Although it does not affect the outcome here, United Healthcare has represented that the average nationwide price for a COVID-19 test is less than $150 (Br. 1 n.1 (citing Mark Meiselbach et al., *Charge of COVID-19 Diagnostic Testing and Antibody Testing Across Facility Types and States*, J. GEN. INTERN. MED. 1–4 (Sept. 15, 2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7491868)).

June 23, 2022) (Judge Jacqueline Scott Corley), *cert. before judgment denied*, 143 S. Ct. 470 (2022), *and aff'd*, 80 F.4th 1011 (9th Cir. 2023); *Saloojas, Inc. v. Aetna Health of Cal., Inc.* ("*Aetna II*"), No. C 22-02887 JSC, 2022 WL 4775877 (N.D. Cal. Sept. 30, 2022) (Judge Jacqueline Scott Corley); *Saloojas, Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*, No. C 22-03267 MMC, 2022 WL 4843071 (N.D. Cal. Oct. 3, 2022) (Judge Maxine M. Chesney); *Saloojas, Inc. v. Cigna Healthcare of Cal., Inc.*, No. C 22-03270 CRB, 2022 WL 5265141 (N.D. Cal. Oct. 6, 2022) (Judge Charles R. Breyer). In this action, once United Healthcare's motion was fully briefed, the parties stipulated to continue the hearing on the motion pending resolution of Saloojas's appeal of Judge Corley's first dismissal order. Our court of appeals recently affirmed that order and denied Saloojas's *en banc* petition, so our hearing proceeded. This order follows full briefing and oral argument.

**ANALYSIS**

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Dismissal may be warranted when a complaint lacks a cognizable legal theory or alleges insufficient facts under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019). To allege sufficient facts, a complaint must "state a claim to relief that is plausible on its face" and plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When evaluating a motion to dismiss, a court must "presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

  1.  **THE CARES ACT AND FFCRA.**

Saloojas's claim under the CARES Act and FFCRA fails. Significantly, our court of appeals held that there is no private right of action for providers to enforce Section 3202(a)(2) of the CARES Act by requiring an insurer to pay a provider's posted cash price, joining all

3

district courts that had taken up this issue.[2]  *See Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014–16 (9th Cir. 2023); *Aetna I*, 2022 WL 2267786, at *5; *Aetna II*, 2022 WL 4775877, at *2; *Blue Shield*, 2022 WL 4843071, at *1; *Cigna*, 2022 WL 5265141, at *5. Likewise, our court of appeals held that Section 6001 of FFCRA, which the CARES Act expands upon, does not confer a private right of action.  *Saloojas*, 80 F.4th at 1016.

As explained by our court of appeals, the text and structure of these acts do not indicate that Congress intended to create a private right of action for providers.  *Ibid.*; *see Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Indeed, Section 3202(b) of the CARES Act provides an enforcement remedy only to the Secretary of Health and Human Services to *fine providers* when they fail to post cash prices.  Pub. L. No. 116-136, § 3202(b), 134 Stat. 281, 367 (2020). Similarly, nothing in Section 6001 of FFCRA even hints that Congress intended to create a private right of action for providers.  That provision only allows for enforcement by the Secretaries of Health and Human Services, Labor, and Treasury, giving them the power to implement it through sub-regulatory guidance.  Pub. L. No. 116-127, § 6001, 134 Stat. 178, 202 (2020).  Accordingly, Saloojas's claim under the CARES Act and FFCRA is dismissed.

**2.    ERISA.**

Section 502(a)(1)(B) of ERISA creates a private right of action for a plan participant or beneficiary to recover benefits, enforce their rights, or clarify their rights to future benefits according to the terms of the plan.  Providers are neither "participants" nor "beneficiaries" and, therefore, generally do not have standing to sue for a violation of ERISA.  *See DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz. Inc.*, 852 F.3d 868, 875 (9th Cir. 2017).  A provider may have standing to sue, however, if a beneficiary has assigned them a right to reimbursement and specific language of assignment is alleged.  *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014); *Cnty. of*

---

[2] Although one district court had previously held that there was a private right of action, that district court later abrogated its holding upon review of the holdings of other district courts. *Compare Diagnostic Affiliates of Ne. Nous., LLC v. United Healthcare Servs. Inc.*, No. C 21-00131 NGR, 2022 WL 214101, at *4–9 (S.D. Tex. Jan. 18, 2022) (Judge Nelva Gonzales Ramos), *with Diagnostic Affiliates of Ne. Nous., LLC v. Aetna, Inc.*, No. C 22-00127 NGR, 2023 WL 1772197, at *7–9 (S.D. Tex. Feb. 1, 2023) (Judge Nelva Gonzales Ramos).

*Monterey v. Blue Cross of Cal.*, No. C 17-04260 LHK, 2019 WL 343419, at *6 (N.D. Cal. Jan. 28, 2019) (Judge Lucy H. Koh).

Saloojas does not have standing to sue under ERISA. As a provider, it is neither a "participant" nor a "beneficiary" of a plan. Moreover, Saloojas fails to pinpoint any specific ERISA-governed plan and allege specific language of assignment. The complaint only states that "[m]any of the members of plans either insured or administered by United Healthcare who received Covid Testing services from Plaintiff executed assignment of benefits documents" (Compl. ¶ 65). Furthermore, contrary to Saloojas's suggestion, neither the CARES Act nor FFCRA obviate the need for a provider to obtain such an assignment (*see* Compl. ¶¶ 24–26). Accordingly, Saloojas's ERISA claim is dismissed. To the extent stated below, Saloojas may seek leave to amend this claim.

### 3. RICO.

To state a RICO claim, a plaintiff must allege facts showing that a defendant engaged in conduct of an enterprise through a pattern of racketeering activity causing injury to plaintiff's business or property. 18 U.S.C. § 1962(c); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Racketeering activity includes specified criminal predicate acts like mail fraud and murder, among others. *See* 18 U.S.C. § 1961(1). A RICO claim based on fraud must be plead with particularity in compliance with Rule 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004).

Saloojas's RICO claim fails because the complaint does not satisfy Rule 9(b)'s heightened pleading standard. The predicate acts identified are mail fraud, wire fraud, and embezzlement from an employee benefit plan (Compl. ¶ 80 (citing 18 U.S.C. §§ 1341, 1343, 664)). Yet the complaint is devoid of any facts that would allow a reasonable inference that United Healthcare engaged in mail fraud, wire fraud, or embezzlement, and that would give United Healthcare fair notice of the basis for this claim. *See Iqbal*, 556 U.S. at 678. Saloojas presents only barebone allegations and fails to plead with particularity any circumstances that would constitute fraud. Accordingly, Saloojas's RICO claim is dismissed. To the extent stated below, Saloojas may seek leave to amend this claim.

### 4. PROMISSORY ESTOPPEL.

To state a promissory estoppel claim under California law, a plaintiff must plead a clear and unambiguous promise by the promisor, and reasonable, foreseeable, and detrimental reliance by the promisee. *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 929 (Cal. Ct. App. 2013).

Saloojas's promissory estoppel claim fails because the provider does not identify any promise by United Healthcare to reimburse it for all of its COVID-19 testing services, let alone a clear and unambiguous one. Saloojas only states that "United Healthcare undertook conduct that conveyed to Plaintiff that coverage for COVID testing would be afforded to its members" and "United Healthcare expected, or reasonably should have expected, that Plaintiff would rely on United Healthcare's compliance with the FFCRA and the CARES Act, especially given its public statementsand [*sic*] publications emphasizing its compliance with the aforementioned laws" (Compl. ¶¶ 84–85). This is not enough. True, "the course of performance 'may supplement or qualify the terms of the agreement, or show a waiver or modification of any term inconsistent with the course of performance.'" *Berenson v. Twitter, Inc.*, No. C 21-09818 WHA, 2022 WL 1289049, at *2 (N.D. Cal. Apr. 29, 2022) (quoting *Emps. Reinsurance Co. v. Super. Ct.*, 161 Cal. App. 4th 906, 920–21 (Cal. Ct. App. 2008)). But no such course of performance is plausibly pled in Saloojas's complaint, and Saloojas does not identify any California authority that would support its contention that the course of performance adumbrated satisfies the promissory estoppel elements. Accordingly, Saloojas's promissory estoppel claim is dismissed. To the extent stated below, Saloojas may seek leave to amend this claim.

### 5. SECTION 17200.

Section 17200 of the California Business and Professions Code prohibits unlawful, unfair, or fraudulent business acts and practices. When a claim "sounds in fraud" because it alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim," it must satisfy the heightened pleading standard under Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

6

1    Saloojas's Section 17200 claim invokes all three prongs of the statute and undoubtedly
2    sounds in fraud. For example, Saloojas alleges that United Healthcare "unjustifiably engaged
3    in unconscionable and fraudulent conduct," United Healthcare's "fraudulent behavior . . . has
4    had a material adverse effect on the nation's response to the Covid-19 pandemic," and
5    "Defendants [*sic*] have engaged in a 'fraudulent' business act or practice" (Compl. ¶¶ 2, 7,
6    100). But this claim fails to meet the heightened pleading standard because it does not explain
7    the "who, what, when, where, and how of the misconduct alleged." *Kearns*, 567 F.3d at 1126.
8    Accordingly, Saloojas's Section 17200 claim is dismissed. To the extent stated below,
9    Saloojas may seek leave to amend this claim.

### 6.  INJUNCTIVE RELIEF.

Injunctive relief is not an independent cause of action but a remedy. *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1161 (N.D. Cal. 2020), *aff'd*, 857 F. App'x 907 (9th Cir. 2021). This "claim" is therefore dismissed without prejudice to seeking an injunction if a claim for relief is ever established.

### 7.  LEAVE TO AMEND.

Rule 15(a)(2) states that a court should freely give leave to amend a pleading when justice so requires, but such leave is not granted automatically. A court may deny leave if an amendment would be futile, cause delay or prejudice to the opposing party, or would otherwise be subject to dismissal. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989).

With respect to the claim under the CARES Act and FFCRA as well as the injunctive relief "claim," defects lie in the legal theories, so any amendment would be futile. With respect to the other claims, however, defects could theoretically be cured with additional facts, so their dismissal is without prejudice to seeking leave to amend. This order reminds plaintiff's counsel of his professional obligations under Rule 11.

## CONCLUSION

For the foregoing reasons, to the extent stated herein, defendant's motion to dismiss is **GRANTED**. Defendant's motion to strike class allegations is **DENIED AS MOOT**.

7

Specifically, plaintiff's claim based on the CARES Act and FFCRA is dismissed with prejudice, and plaintiff's "claim" for injunctive relief is dismissed without prejudice to seeking an injunction if a claim for relief is ever established. By **WEDNESDAY, NOVEMBER 22, AT NOON**, plaintiff may seek leave to amend the other dismissed claims by motion, noticed on a normal 35-day calendar. Any motion should affirmatively demonstrate how the proposed complaint corrects the deficiencies identified in this order, as well as all other deficiencies raised in defendant's motion but not addressed in this order. It should be accompanied by a redlined copy of the proposed complaint showing all proposed amendments.

If plaintiff seeks leave to amend, it must plead its best case. Plaintiff would be well-advised to explain how and why it sought close to $1,000 in reimbursements for administering tests that ostensibly went for $150 elsewhere, to append any email or letter setting forth any promise or memorandum summarizing the same, and to append any assignment of claims by patients to plaintiff, among other things.

**IT IS SO ORDERED.**

Dated: November 8, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE